IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00059-FL

| | |
|---|---|
| SHARRON MARIE GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION RETIREMENT, ) | |
| SURVIVORS AND DISABILITY ) | |
| INSURANCE, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 3) regarding plaintiff's motion for leave to proceed *in forma pauperis* (DE # 1). The magistrate judge conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2) and recommends that plaintiff's motion and complaint be transferred to the United States District Court for the Middle District of North Carolina. Plaintiff did not file any objections to the M&R. For the following reasons, the court adopts the recommendation of the magistrate judge and transfers this case to the Middle District of North Carolina.

## BACKGROUND

Plaintiff filed motion for leave to proceed *in forma pauperis* on February 9, 2012, informing therein that she resides in Durham, North Carolina. In her attached complaint, plaintiff claims, *inter alia*, that she was wrongfully denied Social Security disability benefits. The court referred plaintiff's

motion to the magistrate judge, who entered M&R on February 14, 2012. The magistrate judge recommends that the court transfer this case to the Middle District of North Carolina.

**DISCUSSION**

A. Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

The magistrate judge recommends transferring this case to the Middle District of North Carolina. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, plaintiff's claims appear to arise out of a denial of Social Security disability benefits. Where plaintiff is a citizen of Durham, North Carolina, a "substantial part of the events or omissions giving rise to [her] claim" would have occurred there. See 28 U.S.C. § 1391(b)(2). Durham is in

2

the Middle District of North Carolina, 28 U.S.C. § 113(b), and venue is therefore proper in that district.

"The district court of a district in which is filed a case laying venue in the wrong division shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interest of justice supports transferring this case to the Middle District of North Carolina.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge. The clerk of court is DIRECTED to transfer this case to the Middle District of North Carolina, the judicial district in which plaintiff resides. Having determined that transfer is necessary, the court withholds adjudication of plaintiff's motion to proceed *in forma pauperis*.

SO ORDERED, this the 10th day of April, 2012.

LOUISE W. FLANAGAN
United States District Judge

3